# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAWN SHERMAN,

       Plaintiff,

vs.                 CASE NO. _____

MEDICREDIT, INC.,

       Defendant.
_____/

## COMPLAINT
## JURY DEMAND

## INTRODUCTION

1. Plaintiff alleges that Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone in which Defendant failed to disclose its status as a debt collector in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Telephone Consumer Protection Act, 42 U.S.C. § 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227(b)(3).  See Mims v. Arrow Financial Services,

LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Shawn Sherman is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Medicredit, Inc. is a foreign business corporation organized and existing under the laws of the State of Missouri with its principal place of business and corporate offices in Columbia, Missouri.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. Defendant is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11. Defendant left the following pre-recorded messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> April 3, 2015 at 4:35 PM
> We are calling from MediCredit on behalf of Town n Country Hospital. Please return our call at 800-823-2318 Monday through Friday during normal business hours. Thank you.
>
> April 29, 2015 at 3:06 PM
> We are calling from MediCredit on behalf of Town n Country Hospital. Please return our call at 800-823-2318 Monday through Friday during normal business hours. Thank you.
>
> May 12, 2015 at 1:45 PM
> We are calling from MediCredit on behalf of Town n Country Hospital. Please return our call at 800-823-2318 Monday through Friday during normal business hours. Thank you.

12. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA).

14. Defendant failed to disclose the caller's name, the nature of its business, or that is a debt collector in the telephone messages.

15. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

17. Plaintiff's cellular telephone number is 813-███-3740.

18. Plaintiff is the regular user and carrier of the cellular telephone number 813-███-3740.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

19. Plaintiff incorporates Paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose caller's name and the nature of Defendant's business in violation of 15 U.S.C. §1692d(6). See Dokumaci v. MAF Collection Services, 2011 U.S. Dist. LEXIS 22390, *8 (M.D. Fla. Mar. 4, 2011) ("Courts have defined 'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business.").

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

## IN VIOLATION OF 15 U.S.C. § 1692e(11)

21. Plaintiff incorporates Paragraphs 1 through 18 above as if fully set forth herein.

22. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See e.g., Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

23. Plaintiff incorporates Paragraphs 1 through 18 above as if fully set forth herein.

24. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
[X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[ ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***